# McTighe *v.* Schwartz, Appellant.

*Equity—Trespasser—Market stall—Licensee.*

A court of equity has jurisdiction to oust a person from the possession of a public market stall who is in possession under a mere license or permit from the city, after the stall has been leased to another person.

Argued Oct. 29, 1908. Appeal, No. 197, Oct. T., 1908, by defendant, from decree of C. P. No. 1, Allegheny Co., June T., 1907, No. 860, on bill in equity in case of J. McTighe v. Abe Schwartz. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction.

MACFARLANE, J., filed the following opinion:

### FINDINGS OF FACT.

1. On March 1, 1907, an ordinance of the city of Pittsburg was passed and approved, a true copy of which is attached to the plaintiff's bill. It was provided that thereafter the stalls and stands in the Diamond Market shall be leased for a term of three years from the first Monday of May, 1907, and every three years thereafter. Under the authority of this ordinance the director of the department of public works, who was the proper officer, made a lease, dated May 6, 1907, of stand No. O–37 to the plaintiff. By its terms the city granted to her the right to occupy the stand for the purpose of selling fruits for three years from the first Monday of May, 1907, in consideration of the payment of $591.50, payable quarterly in advance.

2. At that time the defendant was in possession of stall O–37 under a permit given him in 1906, and was doing a large business, both wholesale and retail. He had been in business in the Pittsburg Market for about eight or nine years prior to that time and had occupied the stall in controversy for about three years at the time of the making of the lease to Mrs. McTighe.

3. On May 6 or 7, 1907, the market constable, duly authorized by the clerk of the market, who was acting under direction of the director of the department of public works, verbally notified the defendant immediately to give up possession of the stand, and the defendant demanded a written notice. On May 7, 1907, the plaintiff, by her attorneys, gave the defendant a written notice as follows: "You are hereby notified to deliver up quiet and peaceable possession of stand O–37 in the Diamond Market, City of Pittsburg, to Mrs. J. McTighe, on or before May 8, 1907. Burleigh, Gray & Challener, Attorneys for Mrs. J. McTighe." The defendant refused to deliver up possession and is still in occupancy of stall.

4. On January 31, 1908, the clerk of the market collected from and the defendant paid to him the rent for one month, due under his permit, and the rent for nine months from May 1, 1907, to February 1, 1908, at the rate fixed in the lease to Mrs. McTighe.

### CONCLUSIONS OF LAW.

1. A court of equity has jurisdiction.

2. The defendant was a mere licensee, and his right of occupancy was terminable at any time upon reasonable notice. He was not a tenant and neither ejectment nor the proceedings provided by the landlord and tenant acts are remedies.

3. Defendant is a mere trespasser, and an action of trespass being inadequate a decree should be made as prayed for, at the costs of defendant.

### OPINION.

The prayers of the bill are that the defendant be ordered to give up possession, that he be restrained from remaining in possession, and for damages and general relief. In short, we are asked to dispossess a trespasser.

The principal question is that of jurisdiction. If this is an ejectment bill, or the action of ejectment or trespass, or proceedings under the landlord and tenant acts afford an adequate remedy, we have no jurisdiction.

Prior to the ordinance of March 1, 1907, any lease of stalls in the market "was a mere license, not binding upon the city as a

conveyance of any sort or title or estate in the stall," and the occupant has no right to retain possession after a reasonable notice to quit. Levenson v. Pittsburg, 54 P. L. J. 294 (court of common pleas No. 2). In that case Judge SHAFER suggested the passage of an ordinance regulating the disposition of the stalls for reasonable terms.

So far as we know, the rights of a lessee under this ordinance have not been before the courts except in the case of Peter Monteverde v. A. G. Logeman, at No. 522, July Term, 1907, in common pleas No. 2. There the plaintiff, a huckster, had a lease under the ordinance. The rules of the market, which were a part of the lease, required hucksters to allow gardeners to occupy their stands until nine o'clock A. M., and an injunction was granted against such a gardener, restraining him from interfering with the plaintiff in his possession of the stand after that hour, the court holding that the remedy of trespass was not adequate.

In Woelpper v. Philadelphia, 38 Pa. 203, an action to recover premiums paid at auction for a stall in a market, the market house afterwards being removed by the city, the right of the occupant was likened to that of the purchaser of a pew in a church, although the court said that the pewholder had more property in the pew than the plaintiff had in his stall. It was held that the plaintiff could not recover. That case does not rule this, but shows that the "tenant" was but an occupant under the rules and regulations of the market.

It is settled that an action of ejectment does not lie: Strickland v. Penna. R. R. Co., 154 Pa. 348. The defendant is not a tenant holding over under a claim of right, but is a mere trespasser with no more rights than an intruder. Even a lessee for a definite term has no right to the ground, no estate or definite legal standing. "He is the holder, by virtue of his lease, of a license to sell at the particular stall assigned or let to him:" Strickland v. R. R. Co., 154 Pa. 348.

It follows that the landlord and tenant acts do not apply. Neither do the cases cited by counsel for the defendant bear upon the question, for this is not a bill of a lessee asking an injunction against another lessee.

*Error assigned* was decree ousting defendant.

*J. M. Friedman,* for appellant.—It is well settled in Pennsylvania that where the complaining party has a complete and adequate remedy at law, a court of equity will not take jurisdiction: Appeal of Pittsburg & Connellsville Railroad Co., 99 Pa. 177; North Penna. Coal Co. v. Snowden, 42 Pa. 488; Messimer's Appeal, 92 Pa. 168; Brown's Appeal, 66 Pa. 155; Leininger v. Summit Branch Railroad Co., 180 Pa. 287; Pittsburg, etc., v. Drove Yard Co.'s App., 123 Pa. 250; Dohnert's App., 64 Pa. 311.

*Craig Smith,* with him *Clarence Burleigh, James C. Gray, William A. Challener* and *L. M. Shoemaker,* for appellee.—The title to market stands, the mode of renting which is provided for by ordinance, cannot be acquired by possession: Hatch v. Pendergast, 15 Md. 251; Woelpper v. Philadelphia, 38 Pa. 203; Strickland v. Penna. R. R. Co., 154 Pa. 348.

An action of trespass would not be an adequate remedy. In that respect plaintiff is in a position analogous to the plaintiff in a bill to restrain the obstruction of a right of way: Manbeck v. Jones, 190 Pa. 171; Hacke's Appeal, 101 Pa. 245.

PER CURIAM, January 4, 1909:

The decree is affirmed on the findings of fact and the opinion of the learned judge of the common pleas.